CITY OF CAPE GIRARDEAU, Respondent, v. GERTIE
FISHER, Appellant.

St. Louis Court of Appeals, March 26, 1895.

1. **Practice, Trial:** ORAL REMARKS IN THE NATURE OF INSTRUCTIONS.
   All instructions to a jury are required to be in writing. Accordingly,
   oral remarks of the trial court to the jury, withdrawing evidence pre-
   viously received, are improper, though a written instruction as to the
   withdrawal has also been given.

2. **Agency, Proof of.** Agency may be established by the testimony
   of the agent himself.

3. **Prosecution for Keeping Bawdy House:** RELEVANCY OF
   EVIDENCE. When a female, who is being prosecuted for keeping a
   bawdy house, defends upon the ground that another person who
   resides with her on the premises is the keeper of the house, a deed
   purporting to convey the premises to such other person is relevant
   evidence; and if, under such an issue, it appears that the defendant
   purchased household supplies and performed other services it may
   be shown in explanation that she did so under the orders and super-
   vision of such other person.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEX. ROSS, Judge.

REVERSED AND REMANDED (*nisi*).

*Frank E. Burrough* for appellant.

*Sam M. Green* for respondent.

BIGGS, J.—The plaintiff is a city of the third class.
One of its ordinances makes it unlawful to set up or
keep a bawdy house within its city limits. For its vio-
lation, a fine of not less than $50, and not more than
$100, is imposed. Another ordinance imposes a penalty
of not less than $10, nor more than $100, against any

person who may be convicted of being an inmate of a bawdy house.

The present proceeding was commenced before the recorder of the city. The complaint contains two counts, in which the defendant is charged with the violation of both of the foregoing ordinances. She was convicted of both offenses before the recorder, and, also, in the common pleas court of the county where the case had gone by appeal. In the latter court the jury assessed a fine of $50 for keeping the house, and $100 for being an inmate of it. Judgment was entered on the verdict, and the defendant has appealed to this court.

The evidence is sufficient to sustain the charge and conviction that the defendant was an inmate of a house of ill fame. The evidence bearing on the issue is such that it would not be proper to set it forth in this opinion.

We are also of the opinion that the evidence is sufficient to show that the defendant was guilty of the offense of keeping a bawdy house, as charged, but in the investigation of the charge the common pleas court committed errors which call for a reversal of the judgment.

The defense was that the mother of the defendant was the owner and keeper of the house. The court permitted the defendant to read a deed which purported to convey the house, and the lot upon which it was situated, to the defendant's mother. The defendant then testified that she was about eighteen years old and lived with her mother; that her mother was the proprietress of the establishment, and that whatever the defendant did in its management was done under her mother's orders and supervision. This was in answer to evidence introduced by the state, tending to prove that the defendant did the marketing for the

house and received and collected from the inmates a part of their earnings.

In reference to this evidence, the court instructed the jury as follows: "The court instructs the jury that the deed to Mary Fisher, and the evidence offered in support of the same by the statements of the supposed agent, Gertie Fisher, are ruled out and withdrawn from the jury." In reading the instruction, the court remarked to the jury: "Now you (the jury) understand that all evidence of defendant about working for and representing her mother is entirely withdrawn." The defendant objected and excepted, both to the instruction and to the remarks of the court.

The remarks of the court were improper. The law requires all instructions to juries to be reduced to writing. The court committed error likewise in its instruction. The defense was that Mary Fisher, the mother of the defendant, was the keeper of the brothel. It was, therefore, competent to show that the house belonged to her, since the evidence showed that she was living at the house. It was a circumstance in support of the defense, which ought to have been left to the jury for their consideration. The testimony of the defendant that her mother was the keeper of the house was entirely competent, and her further statements that she did the marketing and looked after other matters connected with the establishment for her mother, and not on her individual account, were clearly admissible. The statements were explanatory of her actions and conduct, upon which the state partly relied for her conviction. The rule in reference to the proof of agency has been entirely misconceived by the court. Agency, like any other fact, may be established by the testimony of the agent himself. The rule which the trial court attempted to apply is that an agency can not be established by proof of the statements and conduct of the

alleged agent, until some independent evidence has been introduced tending to establish the agency.

In rebuttal the state introduced a witness by whom it proved that Mary Fisher said that the defendant had hired her and would not pay her wages. This testimony was clearly inadmissible. It was strictly hearsay. This needs no discussion.

For the above mentioned errors, the judgment of the court of common pleas will be reversed and the cause remanded, unless the plaintiff will, within ten days after the filing of the opinion, remit $50 of the judgment. If this is done, the judgment will be affirmed for the residue. All the judges concur.